PEOPLE, Respondent, v. CHRISTIAN, Appellant. (Supreme Court, Appellate Division, First Department. December 20, 1907.) Appeal from Court of Special Sessions. Eugene Christian was convicted of unlawfully practicing medicine, and appeals. Reversed. Gardenheier & Wetmore (Samuel M. Gardenheier of counsel), for appellant. Wm. Travers Jerome, Dist. Atty. (Robert S. Johnstone, of counsel), for respondent.

PER CURIAM. The information accused the defendant of the crime of practicing medicine without lawful authorization and registration. We have carefully examined the record in this case, and have reached the conclusion that upon the facts presented the defendant had not committed the crime charged. In People v. Allcutt, 117 App. Div. 546, 102 N. Y. Supp. 678 (affirmed 189 N. Y. ——, 81 N. E. 1171), this court said: "It may be difficult by a precise definition to draw the line between where nursing ends and the practice of medicine begins, and the court should not attempt, in construing this statute, to lay down in any case a hard and fast rule upon the subject, as the courts have never undertaken to mark the limits of the police power of the state or to precisely define what constitutes fraud. What the courts have done is to say that given legislation was or was not within the limits of the police power or that certain actions were or were not fraudulent." We thereupon proceeded to review all of the facts in that case, and drew the conclusion therefrom that Allcutt came within the purview of the statute prohibiting the practice of medicine without being lawfully authorized and registered, and sustained the conviction. In the case at bar the learned district attorney has collated certain of the facts which were similar to those presented in the Allcutt Case, and upon them urges that the judgment should be affirmed. But there were other facts of great importance to the conclusion reached in the Allcutt Case not present here. It would serve no useful purpose to set forth the evidence, because, as we have said, the court declines to lay down a hard and fast rule in such cases. As upon the whole case we find that no crime was committed and that

the defendant was improperly convicted, the judgment appealed from should be reversed.

PEOPLE v. HENRY. (Supreme Court, Appellate Division, First Department. December 6, 1907.) Proceedings by the people of the state of New York against Walter Henry. No opinion. Motion denied, on condition that appellant be ready for January term. Order filed.

PEOPLE v. JACKSON. (Supreme Court, Appellate Division, First Department. December 13, 1907.) Proceedings by the people of the state of New York against Cornelius A. Jackson. No opinion. Motion denied, on condition that appellant be ready for February term. Order filed.